UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| AMERICAN OVERSIGHT, |
| Plaintiff, |
| v. |
| U.S. DEPARTMENT OF JUSTICE, et al., |
| Defendants. |

Civil Action No. 26-0835 (TSC)

## ANSWER

Defendants, the United States Department of Justice (the "Department") and United States Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, hereby respond to Plaintiff's Complaint alleging violations of the Freedom of Information Act ("FOIA") (ECF No. 1).

## RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT

Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants respond to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

1.      Paragraph 1 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff purports to bring this action under the FOIA.

2.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief

or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

5.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7.     Defendants admit that the Department's Civil Rights Division ("CRT") received two FOIA requests from Plaintiff dated December 2, 2025, the Department's Criminal Division ("CRM") received one request from Plaintiff dated December 2, 2025, and ICE received one FOIA request from Plaintiff dated December 2, 2025.

8.     Paragraph 8 consists of Plaintiff's characterization of this matter, to which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff purports to bring this action under the FOIA.

**JURISDICTION AND VENUE**[1]

9.      Paragraph 9 contains statements of law regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over this action, subject to the terms and limitations of FOIA.

10.     Paragraph 10 contains statements of law regarding venue to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this district for a properly stated FOIA claim.

11.     Paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit only that as of the filing of the Complaint, Plaintiff has not received final responses to its FOIA requests.

12.     Paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit only that as of the filing of the Complaint, Plaintiff has not received final responses to its FOIA requests.

**PARTIES**

13.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13.

14.     The Department admits.

15.     Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Department lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15.

---

[1]     For ease of reference, Defendants replicate the headings contained in the Compliant. Although Defendants belief that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

16.    ICE admits.

17.    Paragraph 17 consists of legal conclusions to which no response is required. To the extent a response is deemed required, ICE lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17.

## STATEMENT OF FACTS

18.    CRT admits that it received two FOIA requests from Plaintiff on or around December 10, 2025. CRM admits it received one FOIA request from Plaintiff on or around December 2, 2025. ICE admits it received one FOIA request from Plaintiff on or around December 2, 2062.

### *ICE Data-Sharing Request*

19.    ICE admits that it received a FOIA request from Plaintiff dated December 2, 2025. ICE respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

20.    ICE admits that Plaintiff attached its FOIA request as an exhibit to its Complaint.

21.    ICE admits and respectfully refers the Court to the letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

22.    ICE admits only that, as of the date of the Complaint, it has not issued a final determination in response to Plaintiff's FOIA request.

23.    ICE admits only that, as of the date of the Complaint, it has not issued a final determination in response to Plaintiff's FOIA request.

24.    ICE admits only that, as of the date of the Complaint, it has not issued a final determination in response to Plaintiff's FOIA request.

*DOJ Communications Request – Civil Rights Division*

25.     CRT admits that on December 10, 2025, it received a FOIA request from Plaintiff dated December 2, 2025. CRT respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

26.     CRT admits that Plaintiff attached its FOIA request as an exhibit to its Complaint.

27.     CRT admits that its March 6, 2026, correspondence acknowledged receipt of the first FOIA request and assigned it request tracking number #26-00111-F. CRT respectfully refers the Court to the March 6, 2026, letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

28.     CRT admits.

29.     Paragraph 29 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CRT admits only that, as of the date of the Complaint, it has not issued a final determination in response to Plaintiff's FOIA request.

30.     CRT admits only that, as of the date of the Complaint, it has not issued a final determination in response to Plaintiff's FOIA request.

*DOJ Civil Rights Division Voter Data Policies Request*

31.     CRT admits that on December 10, 2025, it received a FOIA request dated December 2, 2025, from Plaintiff. CRT respectfully refers the Court to that request for a complete and accurate statement of its contents, and it denies any allegations inconsistent therewith.

32.     CRT admits that Plaintiff attached its FOIA request as an exhibit to its Complaint.

33.     CRT admits that its March 6, 2026, correspondence acknowledged receipt of the second FOIA request and assigned it tracking number 26-00110-F. CRT respectfully refers the

Court to that letter for a complete and accurate statement of its contents, and it denies any allegations inconsistent therewith.

34. CRT admits.

35. Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is deemed required, CRT admits only that, as of the date of the Complaint, it has not issued a final determination in response to Plaintiff's FOIA request.

36. CRT admits only that, as of the date of the Complaint, it has not issued a final determination in response to Plaintiff's FOIA request.

<em>DOJ Criminal Division Voter Data Policies Request</em>

37. CRM admits that on December 2, 2025, it received a FOIA request from Plaintiff dated December 2, 2025. CRM respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

38. CRM admits that Plaintiff attached its FOIA request as an exhibit to its Complaint.

39. CRM admits that its February 11, 2026, correspondence acknowledged receipt of the FOIA request and assigned it request tracking number CRM-302389837. CRM respectfully refers the Court to the February 11, 2026, letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

40. CRM admits.

41. CRM admits.

42. CRM admits.

7

*Exhaustion of Administrative Remedies*

43.     Paragraph 43 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit only that, as of the date of the Complaint, they have not issued a final determination in response to Plaintiff's FOIA requests.

44.     Paragraph 44 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

45.     Defendants incorporate by reference their responses to Paragraphs 1 through 44 as if fully restated herein.

46.     Paragraph 46 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a believe about the truth of the matters asserted.

47.     Defendants admit only that they are agencies subject to FOIA.

48.     Paragraph 48 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny.

49.     Paragraph 49 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny.

50.     Paragraph 50 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

51.　Defendants incorporate by reference their responses to Paragraphs 1 through 50 as if fully restated herein.

52.　Paragraph 52 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a believe about the truth of the matters asserted.

53.　Defendants admit only that they are agencies subject to FOIA.

54.　Paragraph 54 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny.

55.　Paragraph 55 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny.

56.　Paragraph 56 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested in these paragraphs or elsewhere in the Complaint.

## DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to them through the course of the litigation.

## FIRST DEFENSE

The Court lacks subject-matter jurisdiction to award relief that exceeds the relief authorized under the FOIA, including but not limited to any declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

## SECOND DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## THIRD DEFENSE

Plaintiff is not entitled to compel production of any records exempt from disclosure by one or more exemptions of exclusion of the FOIA, 5 U.S.C. § 552, as amended, or the Privacy Act, 5 U.S.C. § 552a.

## FOURTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under the FOIA.

## FIFTH DEFENSE

The FOIA requests do not reasonably describe the records sought as required by 5 U.S.C. § 552(a)(3)(A), and present an unduly burdensome effort of review, redaction, and production for the Department.

## SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that

10

they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at \*11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

 Dated: April 13, 2026                    Respectfully submitted,

                                          JEANINE FERRIS PIRRO
                                          United States Attorney

                                          By: /s/ *Kaitlin K. Eckrote*
                                              KAITLIN K. ECKROTE
                                              DC Bar #1670899
                                              Assistant United States Attorney
                                              U.S. Attorney's Office, Civil Division
                                              601 D Street, NW
                                              Washington, D.C. 20530
                                              (202) 252-2485
                                              Kaitlin.Eckrote@usdoj.gov

                                          *Attorneys for the United States of America*

11